JjLOLLEY, J.
Earl and Wanda Turnbow appeal the judgment of the Fourth Judicial District Court, Parish of Ouachita, Louisiana, granting the motion for summary judgment by Wye Electric, Inc. (“Wye Electric”). For the reasons that follow, we affirm the trial court’s grant of summary judgment.
Facts
On August 7, 2001, the Turnbows’ minor son, Joshua Turnbow, was visiting at a house located at 209 Arthur Street in West Monroe, Louisiana. The residents of the house were renting it from Wye Electric, and a Bullmastiff, as well as several Pit-bulls, were kept at the residence. The mastiff was chained outside along with a male Pitbull; two female Pitbulls were kept in an outside pen, and one female Pitbull was kept inside the house. The dogs apparently were owned by William Hicks, who shared the residence with *471 Wendy Posey, Robert Coleman, Tracy Hamilton, and Paul Greene. While Joshua was visiting the house, he was bitten by the Bullmastiff dog.
As a result of the attack, Joshua’s parents subsequently filed suit in January 2002 against Robert Coleman, Wendy Po-sey, William Hicks and Wye Electric. Following some discovery, Wye Electric filed a motion for summary judgment, essentially arguing that the mere presence of dogs belonging to a tenant does not constitute “vices and defects” of the leased premises so as to make the landlord liable to others for injuries caused by a dog. Furthermore, Wye Electric argued that in order for a landlord to be guilty of negligence in such circumstances, there must be evidence that the landlord has actual knowledge of the dog’s vicious propensities, but that in this particular incident, the Turn-bows could not prove that Wye Electric had actual knowledge of the vicious propensity of the dog in question. Wye Electric’s motion for summary was granted by the trial court. | ¡^Subsequently, the Turn-bows filed a motion for new trial arguing that the trial court erred in basing summary judgment on lack of actual knowledge of the vicious propensity of the dog. The motion for new trial was summarily denied, and this appeal followed.
Discussion
In their first assignment of error, the Turnbows assert that the trial court erred in granting summary judgment on the issue of Wye Electric’s negligence. This assignment of error is without merit for the following reasons.
Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Because Wye Electric did not bear the burden of proof in this matter, it only needed to point out the absence of factual support for one or more elements essential to the plaintiffs’ claim. La. C.C.P. art. 966(C)(2). For the reasons that follow, we conclude that summary judgment was properly granted, because the Turnbows failed to satisfy their burden. See La. C.C.P. art. 966(C)(2).
This case hinges on the requisite level of knowledge necessary to find a landlord negligent for injuries caused by a tenant’s animal. On appeal, the Turnbows rely primarily on Murillo v. Hernandez, 00-1065 (La.App. 5th Cir.10/31/00), 772 So.2d 868, for the proposition that a landlord is liable for injuries caused by a tenant’s animal if the landlord knew or should have known that the tenant was harboring an animal with vicious propensities. Wye Electric cites the same case for the proposition that the appellants had to prove Wye Electric had actual knowledge of the dangerous propensities of the dog in question. In | ^Murillo, the parents of a minor child brought a negligence action not only against a dog owner who was visiting a tenant that lived in an apartment, but also against the landlord and its insurer as a result of an incident in which the child received a dog bite. Although the trial court awarded a judgment against the dog owner, the court granted a motion for involuntary dismissal filed by the landlord and its insurer.
The Murillo court determined that although a landowner is strictly liable for injuries caused by vices or defects of its building, he is not liable to a third person for injuries caused by his lessee’s animal, and that the strict liability of the animal owner under La. C.C.P. art. 2321 cannot be imputed to a nonowner. However, a landlord still may be liable in negligence if there is a violation of a duty and that *472 violation is a cause-in-fact of an injury. Id. To find a landlord negligent in such a scenario, the record must show the landlord had actual knowledge of the dog’s vicious propensity. Id., citing Compagno v. Monson, 580 So.2d 962 (La.App. 5th Cir.1991). See also, Verdun v. Hebert, 03-0225 (La.App. 5th Cir.05/28/03), 848 So.2d 138 where a non-owner of animal must be shown to have actual knowledge of animal’s propensity to injure in order to be found liable for negligence under La. C.C. art. 2316.
We agree that a landlord is not strictly liable for injuries to a third person caused by a lessee’s animal. We further agree that such a situation is governed by a negligence analysis in which there must be a violation of duty that is a cause-in-fact of the injuries sustained. In the absence of any lease provision either prohibiting tenants from having dogs, or attempting to regulate the type of dogs allowed, a landlord has no duty either to inspect leased premises to ascertain Lwhether or not a tenant had a dog, or, if aware that a tenant has a dog, to ascertain whether or not the animal might have a “vicious propensity.”
In the instant case, the trial court correctly found no evidence that any employee of Wye Electric knew of the alleged “vicious propensity” of the dog, that there was no evidence the employees even knew the breed of the dog, and that nothing had drawn their attention to the animal for them to study its behavior.
Specifically, the depositions of Rosie Wilkinson, Rachel Atkins, and Cathy Tripp were considered by the trial court. All were employed by Wye Electric during the pertinent time frame. Wilkinson indicated that as an employee of Wye Electric, she had gone to the rent house with Tripp to talk to Coleman about rent payment on two occasions. On the first occasion, Wilkinson saw a dog at the residence, but the dog did not bark and she did not remember what kind of dog it was. She stated that no one had ever complained to her about any dogs.
Atkins stated that on occasion she had collected rent from the residents at issue. Atkins had not gone to the premises to collect the rent. However, she was not aware that the tenants had a dog, and no one ever came by Wye Electric or called about the dogs on the rental property.
Tripp, the comptroller at Wye Electric, supervised Wilkinson and Atkins at the time of the accident. Tripp had never seen any evidence of dogs at the house, but indicated there was no policy against having dogs on the property.
Wye Electric also referred to the affidavit of Mike Moss who was the warehouse manager at Wye. Moss indicated that the warehouse was located near the backyard of the rental house, and that substantial weeds and bushes grew between the warehouse and the backyard. However, while performing his duties as manager, Moss did notice a “cur dog” either tied or in a pen on the property. | ^Although Moss saw the dog on several occasions, he never saw the dog exhibit any vicious propensities or interact with people. No one ever mentioned anything to him about the dog.
In its written ruling, the trial court concluded that no evidence existed that an employee of Wye Electric knew of the vicious propensity of the dog in question, the employees even knew the breed of the dog, the dog had drawn the employees’ attention, or the employees had reason to study its behavior. Instead, the trial court concluded that just because some employees knew that one or more dogs were on the rented premises, a duty was not created to inspect and determine the disposition of the animals. Such a conclusion was not in error. Accordingly, because the Wye *473 Electric employees had no actual knowledge that might be imputed to Wye Electric, and because no duty existed to obtain such knowledge under the undisputed facts of this case, we conclude that the trial court correctly granted summary judgment in Wye Electric’s favor.
In their second assignment of error, the Turnbows assert that the trial court erred in denying the motion for new trial. They claim it is undisputed that the dog owner, Robert Coleman, moved and could not be served, much less located and subpoenaed for deposition, prior to the hearing on the motion for summary judgment, but that he was located shortly after entry of summary judgment. The Turn-bows assert that Coleman would be the person with the most knowledge of the facts of the case and would be in a position to give evidence on key issues such as whether Wye Electric personnel were aware of the number of dogs and breeds of dogs he had on the premises. Accordingly, they assert that the trial court abused its discretion in denying the motion for new trial.
| fiWhen reviewing the denial of a motion for new trial, the trial court’s decision will not be reversed unless an abuse of discretion can be exhibited. Williams v. Super Trucks Inc., 36,993 (La.App.2d Cir.04/09/03), 842 So.2d 1210. Appellants do not assert that Coleman would actually give evidence that Wye Electric employees were aware of facts that might result in a finding of a breach of duty, but only that Coleman would be in a position to give evidence on key issues. Furthermore, we observe that the Turnbows’ argument in this court concerning new trial differs from their argument in the trial court, discussed above, in which they asserted reason to believe, as a result of communications with Wendy Posey, that both Coleman and Hicks were in possession of facts which would prove that Wye Electric either knew or should have known that more than one dog was harbored on the premises, and also knew or should have known that these particular dogs represented an unreasonable risk of harm to others. However, under any of appellants’ assertions, we detect no abuse of the trial court’s discretion. Such general assertions fall short of the showing necessary to demonstrate an abuse of discretion; they neither give details of the asserted communications with Posey, nor give details of any facts that allegedly would prove what Wye Electric either knew or should have known.
Conclusion
For the reasons set forth above, the judgment of the trial court is affirmed at appellants’ costs.
AFFIRMED.