957 So.2d 861 (2007)
Kenneth M. GEORGE, et al.
v.
Linda PAFFEN, et al.
No. 06-CA-890.
Court of Appeal of Louisiana, Fifth Circuit.
May 15, 2007.
Rehearing Denied June 12, 2007.
*862 Pelleteri, Wiedorn & Copper, Raymond A. Pelleteri, Jr., New Orleans, LA, Stephen K. Faulkner, Jr., Harahan, LA, for Plaintiff/Appellant.
Harold G. Toscano Law Firm, James A. Stapp, New Orleans, LA, for Defendant/Appellee.
Panel composed of Judges MARION F. EDWARDS, CLARENCE E. McMANUS, and FREDERICKA HOMBERG WICKER.
CLARENCE E. McMANUS, Judge.

STATEMENT OF THE CASE
On September 4, 2002, Kenneth George filed a Petition for Injuries and Damages on behalf of himself and his minor son, Kyle George, seeking to recover damages for injuries Kyle received from a dog bite by a pit bull. Plaintiffs named Linda Paffen and her son, Joseph Sandoval, as defendants and owners of the fourteen month old pit bull named Kane. George alleged that on August 21, 2002, Kyle was playing at a friend's home next door to the house rented by Paffen on Green Acres Road in Jefferson Parish. On the day of the incident, Sandoval was a passenger in a van which also contained Kane. The van arrived at the Paffen's residence and Sandoval attempted to unload the dog when the dog broke free and ran towards the boys playing next door. Kyle was pulled to the ground by the dog and attacked. As a result, Kyle sustained severe injuries to his leg requiring medical attention and surgeries.
On October 1, 2002, George filed a First Supplemental and Amending Petition adding Kyle's mother, Robin George, as a plaintiff, and adding Gregory Lamarre, Diane Lipps, and other unknown individuals, as defendants. Lamarre lived with Paffen and was believed to also be an owner of the dog. Lipps owns the property and house which was leased to Paffen. Plaintiffs alleged that Lipps knew Paffen kept pit bulls on the property, knew they escaped regularly, and were allowed to roam free in the neighborhood unsupervised. Plaintiffs also claimed that neighbors complained but Lipps took no action.
On December 16, 2002, Lipps filed an Answer denying the allegations. On August 18, 2005, Lipps filed a motion for summary judgment arguing she should not be held liable for the injuries caused by her tenant's dog. In her motion, Lipps argued a landlord cannot be held strictly liable for the actions of a tenant's dog, she didn't have actual knowledge of the dog's vicious propensity and she committed no violation of a duty that was a cause in fact of the injury, and the bite didn't take place on Lipps' property or as a result of it escaping the property. Lipps argued she knew the dog existed, but did not know of any vicious propensities. She claims she received complaints of barking and safety concerns, but there were some neighbors that had no complaints when asked. Animal Control had been called and investigated, but found no reason to cite Paffen. Lipps further argues that even if she did know of the vicious propensities, she committed no act which was a cause in fact of the dog escaping the grasp of the owner and biting the child. Lipps claims there was nothing she could have done to prevent the incident and as a landlord, she had no duty to monitor the comings and *863 goings of the tenant when the tenant takes the dog off the property.
Plaintiffs filed an opposition to the motion on May 15, 2006 arguing that a landlord may be liable for negligence if there is a violation of a duty and that violation was a cause in fact of the injury. Plaintiffs claim the record shows Lipps had actual knowledge of the vicious propensities of the dog, knew the breed of dog and had received numerous complaints regarding the dog and the safety of the neighborhood. Animal Control had been called because the dogs were roaming free and not kept on leashes. Plaintiffs also claim that Lipps knew the dog had previously killed a neighborhood cat, but she continued to do nothing to protect the neighborhood. Plaintiffs argue Lipps could have had the tenant remove the dog from the property, or warned the tenant to keep the dog on a leash or she would be evicted. Plaintiffs claim Lipps had grounds for eviction because the tenant had two dogs on the property, contrary to the lease agreement, and insurance didn't cover these dogs. Lipps tore up the lease agreement, so the plaintiffs are unable to determine exactly what it said.
A hearing on the motion for summary judgment was held on June 30, 2006 and the trial court issued a Judgment on August 2, 2006 granting the motion and dismissing plaintiff's claims against Lipps with prejudice. The trial court also issued Reasons for Judgment on August 3, 2006 finding no evidence that Lipps had actual knowledge of the dog's vicious propensities and finding no genuine issues of material fact. Therefore, Lipps was entitled to judgment as a matter of law.
Plaintiffs now appeal the trial court's judgment. For the reasons which follow, we affirm the trial court's judgment.

DISCUSSION
This is an appeal from the granting of a motion for summary judgment. La. C.C.P. art. 966(B) provides that summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.
As the trial court noted in its Reasons for Judgment, this Court addressed the issue of a landlord's liability for injuries resulting from a dog bite from a tenant's dog in Murillo v. Hernandez, 00-1065 (La. App. 5 Cir. 10/31/00), 772 So.2d 868. In that case, this Court stated that although a landlord is strictly liable for injuries caused by vices or defects of his building, he is not liable to a third person for injuries caused by his lessee's animal. Id. This Court further noted that the strict liability of the animal owner under C.C. art. 2321 cannot be imputed to a nonowner. Id., citing Parr v. Head, 442 So.2d 1234 (La.App. 5 Cir.1983). However, the landlord may still be liable for negligence under La. C.C. arts. 2315 and 2316 if there is a violation of duty and that violation is a cause-in-fact of an injury. Id. This Court further stated that this has been interpreted by this Court to mean that the record must show the landlord had actual knowledge of the dog's vicious propensity. Id., citing Compagno v. Monson, 580 So.2d 962, 966.
Lipps testified in her deposition that before Paffen moved in, Paffen told her she had two Staffordshire terriers and that was written on the lease agreement. Lipps testified that when she first saw the dog in question she was confused by his appearance because she thought a Staffordshire terrier looked different. She asked Paffen what kind of dog it was and *864 Paffen again said it was a Staffordshire terrier. Lipps testified that on that occasion the dog walked up and licked her on the hand. Lipps admitted she received calls from Laurie Hall, a neighbor, complaining about the dogs barking and disturbing neighbors and Lipps testified she received these phone calls on a regular basis.
Lipps also acknowledged that Animal Control had been called to the property after neighbors complained about the dogs. Animal Control called Lipps to let her know that they found no problems and were not citing Paffen for anything. Lipps stated she learned the dogs were pit bulls from Laurie Hall and Robin George. Lipps asked Paffen about the dogs being pit bulls and Paffen just laughed. Lipps checked with other neighbors, besides Hall and George, and none had complaints.
We agree with the trial court and find that there is no evidence in the record that Lipps had actual knowledge of the dog's vicious propensities. Therefore, Lipps, as landlord, will not be held liable for negligence under either La. C.C. art. 2315 or 2316. She had seen the dog and witnessed it being gentle. She had been told by Animal Control that no citations were issued to Paffen after an inspection of the property and the animals, following complaints from neighbors. Further, the only neighbors who registered complaints with Lipps were Hall and George and the complaints were mostly about the dogs barking and getting out of the yard.
Accordingly, we affirm the judgment of the trial court granting summary judgment in favor of Lipps.
AFFIRMED.
WICKER, J., dissents.
WICKER, J., dissents:
I dissent from the majority opinion. Although strict liability imposed on an animal owner cannot be imputed to a non-owner, Parr v. Head, 442 So.2d 1234, 1235 (La.App. 5 Cir.1983), a landlord can be held liable in negligence if the record shows that the landlord has actual knowledge of the dog's vicious propensity. Compagno v. Monson, 580 So.2d 962 (La. App. 5th Cir.1991); Murillo v. Hernandez, 00-1065 (La.App. 5 Cir. 10/31/00), 772 So.2d 868.
Given the procedural posture of this case, the grant of summary judgment, the plaintiff is not required to prove Diane Lipps had actual knowledge of the dog's vicious propensity. It is only necessary for plaintiff to show that material facts regarding the issue of knowledge remain to be decided. In my view, plaintiffs have made such a showing.
Ms. Lipps admits in her deposition that she received continued complaints from two of the neighbors, Laurie Hall and Robin George (Kyle's mother), about the dogs. The complaints were mostly regarding the constant barking, although Ms. Lipps admitted that one of the neighbors expressed safety concerns about the dogs. Ms. Lipps stated that she was informed by Ms. Hall that the dogs were Pit Bulls not Staffordshire Terriers, and that Robin George called to say that she was concerned about the safety of the neighborhood.
Ms. Lipps also testified that Jefferson Parish Animal Control representatives were called several times to investigate, although Ms. Paffen was not cited for any violation. Ms. Lipps expressed her disappointment at that decision, stating that she wished to break the lease with Ms. Paffen. Further, plaintiffs have offered evidence to show that Ms. Lipps knew the dogs were *865 Pit Bulls running free through the neighborhood and one of them had killed a cat.
Given that presentation of evidence, I believe this matter is not ripe for summary judgment. Consequently, I would vacate the summary judgment and remand the matter for further proceedings.