960 So.2d 328 (2007)
Carmen WINDHAM
v.
Wilma MURRAY, Richard Hampton and ABC Insurance Company.
No. 2006-CA-1275.
Court of Appeal of Louisiana, Fourth Circuit.
May 30, 2007.
*330 Patrick G. Kehoe, Jr., Patrick G. Kehoe, Jr., APLC, New Orleans, Louisiana, for Plaintiff/Appellant.
Steven B. Witman, Valerie Theng Matherne, Law Offices of Steven B. Witman, Metairie, Louisiana, for Defendants/Appellees, Richard Hampton and ANPAC Louisiana Insurance Company.
(Court composed of Judge JAMES F. McKAY III, Judge MAX N. TOBIAS JR., Judge ROLAND L. BELSOME).
JAMES F. McKAY III, Judge.
The appellant, Carmen Windham, appeals the judgment of the trial court granting the motion for summary judgment of the defendants/appellees, Wilma Murray, Richard Hampton and ANPAC Louisiana Insurance Company.
September 1, 2003, dogs owned by Wilma Murray allegedly attacked Carmen Windham while she was walking on the sidewalk near Ms. Murray's residence. Wilma Murray rented 638 N. Pierce Street from the owner Richard Hampton. The plaintiff filed her petition for damages on August 6, 2004. The defendants filed a motion for summary judgment in the matter. The trial court ruled in favor of the defendants. In its reasons for judgment the trial court stated that "[P]laintiff has submitted no evidence that the dogs owned by Wilma Murray ever attacked anyone before the incident, nor does the plaintiff have any evidence that the dogs got onto the sidewalk by coming out from underneath the house or through a gate before this incident." It is from this judgment that plaintiff appeals.
STANDARD OF REVIEW
"The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. . . . The procedure is favored and shall be construed to accomplish these ends." La.C.C.P. art. 966(A)(2).
The motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966(B).
The burden of proof is on the moving party. La.C.C.P. art. 966(C)(2). However, if the moving party will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the moving party's burden on the motion is satisfied by pointing out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Id. Thereafter, the adverse party must produce factual support sufficient to establish that it will be able to satisfy its evidentiary burden of proof at trial; failure to do so shows that there is no genuine issue of material fact. Id.
Summary judgments are reviewed on appeal de novo, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512, p. 26 (La.7/5/94), 639 So.2d 730, 750. "An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law." Id.
The Louisiana Supreme court recently set out guidelines for determining the existence of a genuine issue of material fact in two cases. In determining *331 whether an issue is genuine, a court should not consider the merits, make credibility determinations, evaluate testimony or weigh evidence. A fact is "material" if it is one that would matter at trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of trial on the merits. Suire v. Lafayette City-Parish Consol. Govt., 04-1459, p. 11 (La.4/12/05), 907 So.2d 37, 48. A "genuine issue" is a "triable issue," that is, an issue on which reasonable persons could disagree. Jones v. Estate of Santiago, 03-1424, p. 6 (La.4/14/04), 870 So.2d 1002, 1006. In determining whether an issue is "genuine," courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. "Formal allegations without substance should be closely scrutinized to determine if they truly do reveal genuine issues of fact."
A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. "[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." Simply put, a "material" fact is one that would matter on the trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. Smith, 93-2512 at p. 27, 639 So.2d at 751.
ANALYSIS
The appellant asserts that the trial court erred in granting the defendants' motion for summary as there are genuine issues of material fact in question concerning what knowledge the owner of 638 N. Pierce, Richard Hampton, had concerning the existence and the vicious propensity of the attacking dogs. The appellant urges that under a negligence theory of recovery and applicable jurisprudence, the owner of the property is liable to her for the injuries she received as a result of his negligence.
In this matter there are allegations that two pit bulls escaped from Wilma Murray's rental unit at 638 N. Pierce Street. From the record before this Court, on the day of the attack no one witnessed the dogs escaping from this location. No one can say for sure how the dogs escaped onto the sidewalk where Carmen Windham was attacked. The only evidence presented at the summary judgment hearing is by way of affidavits, depositions and testimony. There are numerous contradictions in the evidence, particularly in what, if anything, Richard Hampton, the landlord/owner of 638 N. Pierce, knew about the dogs and the conditions of the property prior to the incident. Clarification of this information goes straight to the theory of recovery based on negligence pursuant to La. C.C. arts. 2315/2317.1; a different theory of recovery from the strict liability for dog owners pursuant to La. C.C. art. 2321.
Liability for injuries caused by a pet is governed by Civil Code article 2321, which provides:
The owner of an animal is answerable for the damage caused by the animal. However, he is answerable for the damage only upon a showing that he knew or, in the exercise of reasonable care, should have known that his animal's behavior would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nonetheless, the owner of a dog is strictly liable for damages for injuries to which the owner could have prevented and which did not result from the injured person's provocation of the dog. Nothing in this Article shall preclude the court from the application of the *332 doctrine of res ipsa loquitur in an appropriate case.
In Pepper v. Triplet, 03-0619, p. 29 (La.1/21/04), 864 So.2d 181, 200, the Louisiana Supreme Court examined the standard set forth in Civil Code article 2321 and held that in order to establish a claim in strict liability against a dog owner, a plaintiff must prove that (1) he or she sustained injury to his person or property; (2) the injuries could have been prevented by the owner; and (3) the injury did not result from the provocation of the dog by the victim. The Court further held that in order to establish that a dog owner could have prevented the injury sustained by the victim, a plaintiff must establish that the dog presented an unreasonable risk of harm.
In particular, the Court noted that a plaintiff must establish that the risk of injury outweighed the dog's utility such that it posed an unreasonable risk of harm. If the animal posed an unreasonable risk of harm, then the owner will be presumed to be at fault, because he failed to prevent an injury he could have prevented, and he will be held strictly liable for an injury caused by his dog, unless he can show that the injury was due solely to the fault of a third party unattributable to him or to a fortuitous event, or, as Article 2321 now provides, the plaintiff fails to establish that the injuries did not result from the injured person's provocation of the dog. Id. at p. 19, 864 So.2d at 194. The Court noted that in determining whether a dog owner's conduct constituted an unreasonable risk of harm, it must weigh the individual right of the dog owner with the "risk and gravity of harm" to the public. Id. at p. 21, 864 So.2d at 195-96. This is necessarily a fact-sensitive determination. Under this theory of recovery the owner of the dogs clearly carries the greatest portion of the liability for Carmen Windham's injuries.
However, the matter before this Court not only involves the owner of the dogs, Wilma Murray, but also Richard Hampton the landlord/owner of 638 N. Pierce Street.
The strict liability of the animal owner under La. Civ.Code art. 2321 cannot be imputed to a non-owner. Murillo v. Hernandez, 00-1065 (La.App. 5 Cir.10/31/00), 772 So.2d 868. The third party at issue in Murillo was a landlord; therefore, we find the reasoning applicable in this case. In Murillo the 5th Circuit stated:
Although a landlord is strictly liable for injuries caused by vices or defects of his building, he is not liable to a third person for injuries caused by his lessee's animal. The strict liability of the animal owner under C.C. art.2321 cannot be imputed to a non-owner. Parr v. Head, 442 So.2d 1234, 1235 (La.App. 5 Cir. 1983). The landlord may still be liable for negligence under La. C.C. arts. 2315-2316, however, if there is a violation of duty and that violation is a cause-in-fact of an injury. Id. This has been interpreted within this Circuit to mean that the record must show the landlord had actual knowledge of the dog's vicious propensity. Compagno v. Monson, 580 So.2d 962, 966 (La.App. 5 Cir.1991).(emphasis added)
Our review of the record, and consistent with Murillo, indicates that arguably Richard Hampton's knowledge of the presence of the dogs, coupled with the possible knowledge of their vicious propensity, and the potential knowledge that the dogs had previously escaped and chased a neighbor, may have subjected him to liability for negligence under La. Civil Code arts. 2315 and 2317.1. We are cognizant of the general rule in Louisiana that fault or negligence must exist before tort liability can be established.
*333 Excerpts in the record from the June 9, 2006, deposition of Berylyn Jack directly contradict Richard Hampton's assertions that he had no knowledge of the presence of the dogs nor their vicious propensities. Ms. Jack swore that she had informed Mr. Hampton that the dogs were unattended on the property and she had complained of their loud barking on numerous occasions. She also informed him that these dogs had escaped before the attack incident through a loose screen door.[1] Yet, Mr. Hampton, consistently denied any knowledge that there were dogs on his premises. These inconsistencies are at the heart of the appellant's theory of recovery, negligence.
In the instant case, there are issues of fact with regard to the owner's knowledge of both the presence of dogs on his property and their vicious propensity. There is also a question as to whether or not he had advanced knowledge that the dogs had previously escaped and attacked a neighbor. These are factual questions, which directly impact Carmen Windham's theory of recovery under a negligence tort theory pursuant to La. C.C. arts 2315 and 2317.1. This information is germane to the issue of liability and the appellant's theory of recovery.
In view of the record, we are compelled to find that Richard Hampton and ANPAC Insurance Co., failed to support their motion for summary judgment sufficiently to establish that they are free of any liability and that there is an absence of genuine issues of material fact.
While we are cognizant of the dog owner's strict liability and the non-imputability of this liability to others pursuant to La. C.C. art. 2321, there may be some transfer of culpability to the owner of the property. Only after a full understanding of the facts and an application of a duty risk analysis to this case can this matter be fully resolved.
Based on the record before this Court, the conflict in the evidence is insufficient to support the trial court's granting of the defendants' motion for summary judgment. Accordingly, the judgment of the trial court is reversed and the case is remanded to the district court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
NOTES
[1] Mr. Hampton repaired this prior to the attack on Ms. Windham