GUIDRY, J.
| gPlaintiff filed suit seeking to recover damages after she and her pet schnauzer were attacked, for a second time, by a pit bull. The second attack resulted in the killing of the pet schnauzer and the plaintiff sustaining injuries. The defendant landowners and their insurer filed a successful motion for summary judgment, and the trial court dismissed the plaintiffs claims against landowners with prejudice. Plaintiff now appeals. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On or about October 3, 2010, Naomi Smith was walking her pet schnauzer near her home located at 2425 East Contour Drive in East Baton Rouge Parish. During this walk, a pit bull named Boondock, who was owned by Michael Kopynec, escaped from the premises located at 2436 East Contour Drive and attacked Naomi and her pet. Animal Control was called and removed the pit bull. Michael subsequently reclaimed Boondock and brought him back to 2436 East Contour Drive, which was where Michael resided and maintained the pit bull. The property, however, was owned by Michael’s parents, John and Elizabeth[1] Kopynec. Thereafter, on October 9, 2010, Naomi and her pet schnauzer were again out walking when Boondock attacked her and her pet schnauzer a second time. During this second attack, the pet schnauzer was killed, and Naomi was injured.
On October 4, 2011, Naomi filed a petition for damages, naming Michael, as the owner of Boondock, John and Elizabeth, as the owners of the property where the pit bull was being maintained, and America First Insurance Company, as their insurer, as defendants. In response to Naomi’s petition for damages, John and Elizabeth filed a peremptory exception raising the objection of no cause of faction. Naomi amended her petition. Thereafter, John, Elizabeth, and America First moved for summary judgment, alleging that Naomi could not prove that John and Elizabeth knew or should have known of the presence of the dog on their property on October 9, 2010. Following a hearing, the trial court granted the motion for summary judgment to dismiss all claims against John and Elizabeth with prejudice and to dismiss the claims against America First with prejudice insofar as the insurer’s policy provided coverage for John and Elizabeth. This devolutive appeal followed.
STANDARD OF REVIEW
A motion for summary judgment should be granted only if the pleadings, deposi *837 tions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). On a motion for summary judgment, the burden of proof is on the mover. If the moving party will not bear the burden of proof at trial on the matter, that party’s burden on a motion for summary judgment is to point out an absence of factual support for one or more essential elements of the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La.C.C.P. art. 966(C)(2); Robles v. ExxonMobile, 02-0854, p. 4 (La.App. 1st Cir.3/28/03), 844 So.2d 339, 341. An appellate court’s review of a summary judgment is de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. R.G. Claitor’s Realty v. Rigell, 06-1629, p. 4 (La.App. 1st Cir.5/4/07), 961 So.2d 469, 471-72, writ denied, 07-0214 (La.9/21/07), 964 So.2d 340.
|4In ruling on a motion for summary judgment, the trial court’s role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. Guardia v. Lakeview Regional Medical Center, 08-1369, p. 3 (La.App. 1st Cir.5/8/09), 13 So.3d 625, 628. A trial court cannot make credibility decisions on a motion for summary judgment. Monterrey Center. LLC v. Education Partners, Inc., 08-0734, p. 10 (La.App. 1st Cir.12/23/08), 5 So.3d 225, 232. Despite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent’s favor. Willis v. Medders, 00-2507, p. 2 (La.12/8/00), 775 So.2d 1049, 1050. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is “material” for summary judgment purposes can be seen only in light of the substantive law applicable to the case. Guardia, 08-1369 at p. 4, 13 So.3d at 628.
DISCUSSION
On appeal, Naomi essentially argues that the trial court erred in finding that “absent any knowledge [that] the dog had been returned to the premises, [John and Elizabeth] had no duty to take any further action at that time.”
It is undisputed that John and Elizabeth did not own Boondock. As non-owners, the strict liability of an animal owner under La. C.C. art. 2321 cannot be imputed to them. Bradford v. Coody, 08-1059, p. 5 (La.App. 1st Cir.12/23/08), 6 So.3d 815, 817. A landowner, however, can be held liable for vices or defects in his property pursuant to La. C.C. arts. 2317 and 2317.1. According to La. C.C. art. 2317, “[w]e are responsible, not only for the damage occasioned by our own act, but for ... the things which we have in our custody.” Moreover, the custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of | ¡¡the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. La. C.C. art. 2317.1.
The 1996 amendment enacting La. C.C. art. 2317.1, effective April 16, 1996, *838 abolished the concept of strict liability that governed the prior interpretation of La. C.C. art. 2317. Thus, a more appropriate term for liability under La. C.C. arts. 2317 and 2317.1 might now be “custodial liability,” but such liability is nevertheless predicated upon a finding of negligence. Two essential elements of such negligence, under the duty-risk analysis of delictual liability, are the existence of a legal duty of the alleged tortfeasor toward the injured person, and the breach of such duty by the alleged tortfeasor. Jackson v. Brumfield, 09-2142, p. 3 (La.App. 1st Cir.6/11/10), 40 So.3d 1242, 1243.
A landowner may also be found liable under La. C.C. arts. 2315 and 2316 for general negligence for injuries caused by a tenant’s animal.[2] See Bradford, 08-1059 at p. 5, 6 So.3d at 817. In either case, it has been held that to impose liability on a landowner for injuries caused by a tenant’s animal, the landowner must have knowledge of the animal’s vicious propensities. Turnbow v. Wye Electric, Inc., 38,948. p. 3 (La.App.2d Cir.9/22/04), 883 So.2d 469, 472; Murillo v. Hernandez, 00-1065, p. 6 (La.App. 5th Cir.10/31/00), 772 So.2d 868, 871. Additionally, it has been held that the landowner must have knowledge of the animal’s presence on his property. Windham v. Murray, 06-1275, p. 7 (La.App. 4th Cir.5/30/07), 960 So.2d 328, 333. This knowledge gives rise to a duty of care that is owed by the landowner. See Bradford, 08-1059 at p. 5, 6 So.3d at 817; Windham, 06-1275 at p. 7, 960 So.2d at 333.
Duty is a question of law. Simply put, the inquiry is whether a plaintiff has any law-statutory, jurisprudential, or arising from general principles of fault-to support his or her claim. Fredericks v. Daiquiris & Creams of Mandeville, L.L.C., 04-0567, p. 4 (La.App. 1st Cir.3/24/05), 906 So.2d 636, 639, writ denied, 05-1047 (La.6/17/05), 904 So.2d 706. Although the determination of whether to assign a legal duty is fact specific, the issue of whether there is a duty is ultimately a question of law. Bowman v. City of Baton Rouge/Parish of East Baton Rouge, 02-1376, p. 6 (La.App. 1st Cir.5/9/03), 849 So.2d 622, 627, writ denied, 03-1579 (La.10/3/03), 855 So.2d 315. When no factual dispute exists and no credibility determinations are required, the legal question of the existence of a duty is appropriately addressed by summary judgment. Fredericks, 04-0567 at p. 4, 906 So.2d at 639.
In seeking summary judgment, John, Elizabeth, and America First pointed out the absence of factual support to establish that John and Elizabeth knew of the presence of Boondock on their property on October 9, 2010, through the deposition testimony of John, Elizabeth, and Michael. Specifically, they asserted:
After the October 3, 2010 incident, John and Elizabeth Kopynec were aware that the animal was confiscated and quarantined by animal control. While the dog was quarantined, John and Elizabeth Kopynec told their son to get rid of the dog.... The landowners only learned that the dog had returned to their property when they learned of the October [9], 2010 incident that is the subject matter of this litigation.... Having *839 told their son to get rid of the dog, having no knowledge of the dog’s return, and having no time to learn of the return, plaintiff cannot prove that John and Elizabeth Kopynec bear any responsibility for her alleged damages. [Emphasis added.]
In opposing the motion for summary judgment, Naomi did not dispute that John and Elizabeth had told Michael to get rid of the dog. Instead, relying on the same depositions, Naomi argued that it was not reasonable for John and Elizabeth to believe that Michael had gotten rid of the dog because he had shown a pattern of 17being incapable of controlling the dog, which had escaped from the East Contour Drive property on several prior occasions.
A motion for summary judgment is rarely appropriate for disposition of a case requiring judicial determination of subjective facts such as intent, motive, malice, good faith, or knowledge or of issues that require a determination of the reasonableness of acts and conduct of parties under all the facts and circumstances of a case. Greater Lafourche Port Commission v. James Construction Group, L.L.C., 11-1548, p. 7 (La.App. 1st Cir.9/21/12), 104 So.3d 84, 88-89. However, we find no merit in Naomi’s assertion that Michael’s failed attempts to stop the dog from escaping from the property demonstrated that it was not reasonable for John and Elizabeth to believe that Michael would get rid of the dog as requested. To the contrary, Michael testified that he agreed with his parents that he should get rid of the dog and that he intended to do so; however, he stated that he did not tell his father that he did not think he could get rid of the dog immediately. He also stated that he did not know if he specifically told his father he would bring the dog back to the property prior to the October 9, 2010 incident.
Based on their instructions to Michael following the October 3, 2010 incident, the record establishes that John and Elizabeth believed: (1) the dog was still in the custody of animal control as of October 9, 2010, and (2) that the dog would not be brought back to the property. Naomi did not present any evidence to discredit this belief or to otherwise indicate that John and Elizabeth knew or should have known of Boon-dock’s presence at their property on October 9, 2010. Thus, we find the trial court properly granted summary judgment based on the finding that John and Elizabeth did not know of the dog’s presence. Accordingly, we affirm the summary judgment rendered by the trial court. All costs of this appeal are cast to the appellant, Naomi Smith.
AFFIRMED.

. While the record reveals that Kopynec is Elizabeth's last name and that she is married to John, she expressed a preference to be called "Mrs. Powers” at her deposition; however, for the purposes of this opinion, we shall refer to her with the last name of Kopynec.

. Most of the cases regarding landowner liability for injuries caused by a tenant’s animal primarily focused on the landowner's knowledge of the animal's vicious propensities and premised liability on La. C.C. arts. 2315 and 2316. However, the trial court in this matter and the court in Windham v. Murray, 06-1275 (La.App. 4th Cir.5/30/07), 960 So.2d 328, further premised potential liability on the landowner’s knowledge of the animal's presence on his property and on La. C.C. arts. 2317 and 2317.1.