WILLIAMS, J.
| ,The plaintiff, Candace Cook, appeals a summary judgment in favor of the defendant, KaJohn Oil, L.L.C. The district court found that there was no showing that the landowner possessed actual knowledge of the dangerous animal. For the following reasons, we affirm.
FACTS
In March 2012, the plaintiff, Candace Cook, worked as a waitress at KK’s Restaurant, which was owned and operated by the defendant, KaJohn Oil, L.L.C. (“Ka-John”). Benny Depingre is the managing member of KaJohn. In addition to the restaurant, KaJohn operated a truck stop, gas station and convenience store on the property. KaJohn also was the owner and lessor of a house located adjacent to the parking lot behind the businesses. The co-defendants, Hollis Stiles and his wife, Lisa Stiles, rented the house and owned a dog named “Max.” Lisa Stiles is a cousin of Candace Cook. During a break from work, Cook and her boyfriend walked across the parking lot to visit her cousin. As' Cook approached the house, she saw the dog chained to a pole in the yard and *916 Hollis was standing outside with his foot on the dog’s chain. The dog was barking and growling at Cook and her boyfriend. As they passed, the dog rushed forward and bit Cook on the left thigh, causing an injury.
The plaintiff filed a petition for damages against the defendants, Benny Depingre and Hollis Stiles. Plaintiff later filed an amended petition adding KaJohn and Lisa Stiles as defendants. Depingre was later dismissed from the lawsuit. KaJohn then filed a motion for summary judgment on the grounds that there was no evidence that Depingre or KaJohn’s employees |2had actual knowledge of the presence of a dangerous dog on the leased premises. After a hearing, the district court found that the plaintiff failed to show evidence that KaJohn possessed actual knowledge of the dangerous animal on the premises. The court rendered summary judgment in favor of KaJohn. The plaintiff appeals the judgment.
DISCUSSION
The plaintiff contends the district court erred in granting KaJohn’s motion for summary judgment. Plaintiff argues that there is a genuine issue of material fact as to whether the lessor, KaJohn, possessed actual knowledge that the dog at the leased premises was dangerous.
To determine liability in a negligence case, we apply the duty-risk analysis, which requires the plaintiff to prove that the defendant’s conduct was a cause-in-fact of the resulting harm, that defendant owed a duty of care to the plaintiff, that the duty was breached and that the risk of harm was within the scope of protection afforded by the duty breached. Roberts v. Benoit, 605 So.2d 1032 (La.1991); St. Hill v. Tabor, 542 So.2d 499 (La.1989). Duty is defined as the obligation to conform to the standard of conduct associated with a reasonable person in like circumstances. Wiley v. Sanders, 34,923 (La.App.2d Cir.8/22/01), 796 So.2d 51.
Although a landlord is strictly liable for injuries caused by vices or defects of his building, he is not liable to a third person for injury caused by his lessee’s animal. The strict liability of the animal owner under LSA-C.C. art. 2321 cannot be imputed to a nonowner. Turnbow v. Wye Electric, Inc., 38,948 (La.App.2d Cir.9/22/04), 883 So.2d 469; Murillo v. Hernandez, 00-1065 (La.App. 5th Cir.10/31/00), 772 So.2d 868. A lessor or landowner may be found liable in negligence for injuries caused by a tenant’s dog only when the record shows that the lessor or landlord possessed actual knowledge of the animal’s vicious propensity. Odom v. Fair, 49,274 (La.App.2d Cir.8/20/14), 147 So.3d 1215; Turnbow, supra; Murillo, supra.
Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). The burden of proof remains with the mover. However, if the mover will not bear the burden of proof at trial on the matter before the court, then the mover is not required to negate every essential element of the adverse party’s claim, action or defense; rather, the mover must point out to the court the absence of factual .support for one or more elements essential to the adverse party’s claim or defense. If the adverse party fails to produce factual support to show that he will be able to satisfy his evidentiary burden of proof at trial, then there is no genuine issue of material fact. LSA-C.C.P. art. 966(C).
*917 Summary judgment is seldom appropriate when the particular circumstances of the case call for credibility evaluations and the weighing of testimony. Hooker v. Wal-Mart Stores, Inc., 38,350 (La.App.2d Cir.4/7/04), 870 So.2d 1131. Appellate courts review summary judgments de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Argonaut Great Central Ins. Co. v. Hammett, 44,308 (La.App.2d Cir.6/3/09), 13 So.3d 1209.
In the present case, the record contains the deposition testimony of Lisa Stiles, Hollis Stiles, Benny Depingre and the plaintiff. Lisa testified that before Cook was bitten, Depingre visited the leased premises several times to make repairs and that on those occasions the dog was kept in the bedroom and did not bark. Lisa stated' that there were “Beware of Dog” signs posted around the premises at the time of Depingre’s visits, but he never asked about the dog and she did not discuss the dog with him. Lisa testified that before this incident, a woman named Chris, who worked at the diner with Cook, said the dog looked “scary” and that the manager of the truck stop, a woman whose name she could not recall, once mentioned that the dog was running loose outside the business.
Hollis Stiles testified that he owns the dog that bit Cook. Hollis stated that he did not know if Depingre was aware the dog was on the premises, but thought he would have known about the dog because Dep-ingre frequently went to the convenience store and the dog was placed outside on the chain several times each day. According to Hollis, Depingre did not visit the leased premises and other workers performed some minor repairs. Hollis testified that he never told Depingre the dog was at the house.
Benny Depingre testified that KaJohn owned the rental property and that he never visited the premises during the occupancy of the Stiles. Depingre stated that he visited the convenience store and restaurant twice each week, that the rental house was visible from behind the store, but he I,.¡did not look at the residence when he went to the businesses. Depingre testified that he did not know the dog was on the leased premises and that no KaJohn employee made him aware that a tenant kept an aggressive dog at the rental house prior to this incident.
Candace Cook testified that on the date of the incident, she took a break from her job at the restaurant and walked to the leased premises to see the daughter of her cousin, Lisa Stiles. Cook stated that as she approached the house, she saw the dog outside on the chain. Cook testified that Hollis Stiles was standing on the chain to restrain the barking dog. Cook stated that she was told by Lisa that the dog would- bite when on the chain. Cook testified that as she turned to walk away, she looked back and saw Hollis lift his foot from the chain; the dog then came toward her and bit the back of her left thigh, ripping her pants. Cook stated that she had previously seen the same dog running loose in the parking lot outside the restaurant and chasing customers, but the dog did not bite anyone on those occasions. Cook testified that a number of times she told Chris, the assistant manager of the diner, that the dog was running loose and she said she would call Depingre. Cook stated that she saw Depingre at the restaurant several times, but he was not there when the dog was loose or the day she was bitten. Cook testified that she did not tell Depingre about the dog chasing customers, but Chris said that she had spoken with him.
*918 Contrary to the plaintiffs contention, the deposition testimony does not demonstrate the existence of a genuine issue of material fact sufficient to defeat summary judgment. Although Lisa Stiles testified that Depingre |fivisited the leased premises to make repairs, she stated that on those occasions the dog was kept in the bedroom and was not seen by him. At most, the deposition testimony suggests that a restaurant employee may have informed Dep-ingre that a dog was seen running loose in the parking lot and bothering customers. However, there is no testimony that Ka-John was informed through Depingre that this dog was vicious or that the dog in the parking lot was associated with the leased premises.
Based upon this record, we concur with the district court’s determination that the plaintiff failed to present evidence showing that KaJohn possessed actual knowledge that there was a dangerous dog on the leased premises. Thus, we conclude the district court correctly granted summary judgment. The assignments of error lack merit.
CONCLUSION
For the forgoing reasons, the district court’s judgment is affirmed. Costs of this appeal are assessed to the appellant, Candace Cook.
AFFIRMED.