GUIDRY, J.
Un this negligence action, plaintiff, Peggy McCastle-Getwood,[1] appeals from a judgment of the trial court granting summary judgment in favor of defendant, Professional Cleaning Control (Professional), and dismissing her claims against it with prejudice. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
On May 26, 2011, Ms. McCastle, an employee of K-Mart Corporation (K-Mart) at its store in Mandeville, Louisiana, arrived for work just prior to 8:00 a.m. Ms. McCastle entered the front of the store, walked to the rear of the store to place her personal belongings in a locker in the employee break room, and then proceeded *220 back to the front of the store, with a cup of coffee, to clock in at the check-out register and report for work at the customer service desk. On her way to the customer service desk, Ms. McCastle slipped and fell.
On March 14, 2012, Ms. McCastle filed a petition for damages, naming Professional as a defendant and asserting that she sustained an injury when she slipped and fell as a result of a liquid substance being left on the floor by an employee of Professional, the company subcontracted to clean the floors of K-Mart’s Mandeville store. K-Mart subsequently filed a petition for intervention, asserting that as Ms. McCas-tle’s employer, it had paid medical expenses and workers’ compensation benefits to Ms. McCastle as a result of the accident and that, under the provisions of the Louisiana Workers’ Compensation Act, it is entitled to recover any and all workers’ compensation and medical benefits it has paid to Ms. McCastle by preference and priority out of the proceeds of any judgment.
|sThereafter, on September 18, 2013, Professional filed a motion for summary judgment, asserting that because Ms. McCastle testified in her deposition that she did not see how the alleged liquid substance got on the floor and did not know how long the alleged substance was on the floor before she slipped, she cannot prove that Professional owed any duty to her under these facts nor that if any duty was owed, that Professional breached that duty. As such, Professional asserted that Ms. McCastle and K-Mart cannot carry their burden of proof at trial and that it is entitled to judgment as a matter of law. Professional attached excerpts of Ms. McCastle’s deposition to its motion for summary judgment.
The hearing on Professional’s motion was set for November 20, 2013. Ms. McCastle, however, did not file an opposition to Professional’s motion for summary judgment until November 18, 2013.[2] Ms. McCastle asserted that the motion is premature because she has not completed discovery. Ms. McCastle also attached a copy of her personal affidavit to the opposition. Professional filed a reply to Ms. McCastle’s opposition, objecting to the late-filed opposition in violation of District Court Rule 9.9, objecting to the late-filed affidavit in violation of La. C.C.P. art. 966(B), and objecting to Ms. McCastle’s affidavit testimony as contradictory to her prior deposition testimony. Ms. McCastle filed a reply brief on November 19, 2013, one day prior to the scheduled, hearing date, reiterating that the motion for summary judgment should be denied because she has not completed discovery. However, the trial court found that the brief was not timely, since the hearing on Professional’s motion was set for the following day.
On the date set for the hearing on Professional’s motion for summary judgment, neither Ms. McCastle nor her counsel appeared for the hearing. The transcript of the hearing and court minute entry reflect that, regardless of the |4presence of Ms. MeCastle’s counsel, the trial court was not going to permit him to present oral argument because Ms. McCastle’s opposition was not filed timely.[3] After brief argu *221 ment by counsel for Professional, the trial court granted summary judgment in favor of Professional. The trial court subsequently signed a judgment granting Professional’s motion for summary judgment and dismissing Ms. McCastle’s and K-Mart’s claims against it with prejudice. Ms. McCastle and K-Mart now appeal from the trial court’s judgment.
DISCUSSION
A motion for summary judgment is a procedural device used to avoid a full scale trial when there is no genuine issue of material fact. Johnson v. Evan Hall Sugar Cooperative, Inc., 01-2956, p. 3 (La.App. 1st Cir.12/30/02), 836 So.2d 484, 486, A motion for summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B)(2).
On a motion for summary judgment, the burden of proof is on the mover. If, however, the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover’s burden on the motion does not require that all essential elements of the adverse party’s claim, action, or defense be negated. Instead, the mover must point out to the court that there is añ absence of factual support for one or more elements essential to the adverse party’s, claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his [.^evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La. C.C.P. art. 966(C)(2).
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Lieux v. Mitchell, 06-0382, p. 9 (La.App. 1st Cir.12/28/06), 951 So.2d 307, 314, writ denied, 07-0905 (La.6/15/07), 958 So.2d 1199. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Smith v. Kopynec, 12-1472, p. 4 (La.App. 1st Cir.6/7/13), 119 So.3d 835, 837.
A review of Ms. McCastle’s petition shows that her claims against Professional sound in negligence. Louisiana Courts have adopted a duty-risk analysis in determining whether to impose liability under general negligence principles. Lemann v. Essen Lane Daiquiris, Inc., 05-1095, p. 7 (La.3/10/06), 923 So.2d 627, 632-633. For liability to attach under a duty-risk analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his conduct to the appropriate standard of care (the breach of duty element); (3) the defendant’s substandard conduct was a cause-in-fact of the plaintiffs injuries (the cause-in-fact element); (4) the defendant’s substandard conduct was a legal cause of the plaintiffs injuries (the scope of liability or protection element); and (5) the actual damages (the damage element). McIntyre v. St. Tammany Parish Sheriff, 02-0700, p. 7 (La.App. 1st Cir.3/28/03), 844 So.2d 304, 309.
Ms. McCastle asserts in her petition that an employee of Professional left *222 an unknown liquid substance on the floor, which caused her to slip and fall on her j (jback. Ms. McCastle further asserts that Professional, as the company subcontracted by K-Mart to clean the floor at the store, placed a clear liquid substance on the floor and failed to warn Ms. McCastle of the presence of the liquid or any hazard presented thereby.
In support of its motion for summary judgment, Professional submitted excerpts from Ms. McCastle’s deposition. In her deposition, Ms. McCastle testified that when she initially entered the store, six to seven minutes before her shift, she walked past the customer service area on her way to the employee break room and did not see anyone other than K-Mart employees in the area and did not see any liquid substance on the floor. Ms. McCastle further stated that when she walked back to the front of the store to the customer service area to begin her shift, she did not see a liquid substance on the floor prior to her fall; she could not identify the liquid substance nor state how long the substance had been on the floor prior to her fall; and she did not see how the liquid substance got on the floor.
Because' Professional submitted evidence in support of its motion for summary judgment establishing that Ms. McCastle is unable to establish either that Professional had a duty to Ms. McCastle or that Professional breached any duty owed to Ms. McCastle, the burden shifted to Ms. McCastle to produce evidence sufficient to establish that she will be able to satisfy her evidentiary burden of proof at trial.
Ms. McCastle filed an opposition on November 18, 2013, asserting that summary judgment is not proper because she has propounded discovery upon Professional seeking information about its employee and that this discovery will show a genuine issue of material fact. Additionally, Ms. McCastle asserted that she “eye-witnessed” Professional cleaning the floor in the area of her fall at the time of her fall and that an employee of Professional was applying a solution to the floor. Ms. McCastle attached a copy of her personal affidavit to the opposition, [7wherein she stated that Professional was cleaning the floor in the area of her fall at the time of her fall. Ms. McCastle further identified the liquid substance that she slipped on as floor cleaning solution and stated that it was the same type of solution used by Professional.
With regard to the information contained in Ms. McCastle’s affidavit concerning her knowledge of the facts surrounding her slip and fall, we find that her affidavit testimony is clearly contrary to her previous deposition testimony, wherein she indicated that she had no personal knowledge that Professional was cleaning floors in the area of her fall, that it put the liquid substance on the floor that caused her to slip and fall, or that the substance on which she slipped and fell was floor cleaning solution. A subsequent affidavit in contradiction to prior deposition testimony is not sufficient to create an issue of fact precluding summary judgment without some explanation or support for the contrary statements. See Douglas v. Hillhaven Rest Home, Inc., 97-0596, p. 6 (La.App. 1st Cir.4/8/98), 709 So.2d 1079, 1083, writ denied, 98-1793 (La.10/30/98), 727 So.2d 1161. Because Ms. McCastle does not offer any explanation for her inconsistent testimony, we find that the affidavit is not sufficient evidence to establish that she will be able to satisfy her evidentiary burden of proof at trial.
Further, with regard to Ms. McCastle’s discovery argument, La. C.C.P. art. 967(C) provides that if it appears from the affidavits of a 'party opposing the mo *223 tion for summary judgment that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment, order a continuance or permit affidavits to be obtained or depositions to be taken or discovery to be had, or entei\ any other order that is just. However, there is no absolute right to delay action on a motion for summary judgment until' discovery is complete. Rather, all that is required is that the parties have a fair opportunity to carry out discovery and to present their claim. It is within the trial Iscourt’s discretion to render summary judgment or require further discovery, and a trial court’s decision in this regard should only be reversed upon a showing of an abuse of discretion. Ladart v. Haraban Living Center, Inc., 13-923, p. 12 (La.App. 5th Cir.5/14/14), 142 So.3d 103, 110, writ denied, 14-1147 (La.9/19/14), 149 So.3d 243.
In the instant case, Ms. McCastle filed suit against Professional in March of 2012. Professional did not file its motion for summary judgment until September of 2013, some eighteen months later. After the motion was filed, Ms. McCastle did not respond to the motion until November of 2013. At no point during this time did Ms. McCastle attempt to obtain discovery of employees of Professional or any other witness. Further, although Ms. McCastle mentions in her affidavit that she “has instructed [her] attorney to depose the store employee, Cindy ... [and t]hat Cindy has valuable and eyewitness testimony[,]” she makes no reference to having previously requested discovery from Professional that has gone unanswered. .Therefore, considering the length of time that Ms. McCastle had following the filing of her suit, and following the filing of Professional’s motion for summary judgment, to obtain necessary testimony, her failure to conduct any discovery until days before the scheduled hearing date, and her failure to present any competent evidence that she had made an effort to obtain any testimony from Professional, we find no abuse of the trial court’s discretion in declining to. permit additional discovery and in granting summary judgment in favor of Professional.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court, granting summary judgment in favor of Professional and dismissing Ms. McCastle’s and K-Mart’s claims against it with prejudice. All costs of this appeal are assessed equally to Peggy McCastle-Getwood and K-Mart Corporation.
Affirmed.

. Peggy McCastle-Getwood is referred to as Ms. McCastle throughout this opinion, in conformity with her trial court pleadings.

. Counsel for Professional acknowledges that it received a courtesy copy of Ms. McCastle’s opposition on November 14, 2013.

. The minute entry reflects that counsel for Ms. McCastle appeared later in the morning and informed the court that his office had called the clerk to inform the court that counsel was running late. However, the court advised that counsel's timeliness was not the reason why he was not allowed to present oral argument, but that it was because of his untimely filing of his opposition.