**NOT DESIGNATED FOR PUBLICATION**

**STATE OF LOUISIANA**

**COURT OF APPEAL**

**FIRST CIRCUIT**

**2023 CA 0855**

KIRK STONICHER

VERSUS

THE ESTATE OF MERLE NOULLET, ET AL.

Judgment Rendered: **FEB 2 1 2024**

* * * * * *

On Appeal from the Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket No. 2022-10156

Honorable Raymond S. Childress, Judge Presiding

* * * * * *

Shermin S. Khan
New Orleans, Louisiana

Counsel for Plaintiff/Appellant
Kirk Stonicher

Douglas R. Holmes
Jesse G. Frank
New Orleans, Louisiana

Counsel for Defendants/Appellees
The Estate of Merle Noullet and
Occidental Fire and Casualty Company
of North Carolina

Matthew D. Moghis
William P. Connick
Michael S. Futrell
Tucker H. Wimberly
Metairie, Louisiana

Counsel for Defendant/Appellee
RLI Insurance Company

* * * * * *

**BEFORE: McCLENDON, HESTER, AND MILLER, JJ.**

Hester, J. concurs

**McCLENDON, J.**

The trial court granted summary judgment and dismissed plaintiff's claims with prejudice. Plaintiff appealed. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

Kirk Stonicher, plaintiff-appellant herein, filed a petition on January 12, 2022, seeking damages for injuries he allegedly sustained while helping his mother move furniture out of the finished garage of a residence owned by his grandmother, Merle Noullet, who is now deceased.[1] The petition alleged Mr. Stonicher was injured on January 12, 2021, "after hitting a raised threshold into" the "improperly constructed, non-code compliant finished garage[.]" The petition further alleged that Ms. Noullet knew or should have known that the property was in a dangerous condition, failed to use reasonable care to keep the premises safe, and failed to adequately warn Mr. Stonicher of the dangerous condition of the property. The petition named as defendants the Estate of Merle Noullet (Noullet Estate), RLI Insurance Company (RLI Insurance), and Occidental Fire and Casualty Company of North Carolina (Occidental Insurance).[2]

The Noullet Estate and Occidental Insurance answered Mr. Stonicher's original petition and first amending petition on April 18, 2022, generally denying Mr. Stonicher's allegations and asserting affirmative defenses. Also on April 18, 2022, RLI Insurance filed an answer generally denying Mr. Stonicher's allegations, asserting affirmative defenses, and demanding a trial by jury.

On November 30, 2022, RLI Insurance filed a motion for summary judgment seeking dismissal of Mr. Stonicher's claims. RLI Insurance argued that summary judgment was warranted because the alleged condition of the step/threshold at issue was not unreasonably dangerous and did not create an unreasonable risk of harm; because the alleged condition of the step/threshold was open and obvious to all who encountered it; because Ms. Noullet had no duty to warn Mr. Stonicher of the alleged condition, as

---

[1] The caption and the petition spell the property owner's last name "Noullet[,]" while other pleadings spell her last name "Noulette[.]" Herein, we employ the spelling reflected in the caption of this matter for consistency.

[2] On January 18, 2022, Mr. Stonicher filed a first amending petition which explicitly asserted his "full reservation of rights to plead further herein." However, Mr. Stonicher did not file a second amending petition.

2

Mr. Stonicher was aware of the condition; and because Mr. Stonicher cannot produce factual support establishing that that the alleged condition caused his alleged injuries. In support of the motion for summary judgment, RLI Insurance offered Mr. Stonicher's petition, excerpts of the transcript of Mr. Stonicher's deposition, and Mr. Stonicher's responses to interrogatories and requests for production of documents propounded by RLI Insurance.

On December 6, 2022, the Noullet Estate and Occidental Insurance filed a motion for summary judgment seeking the dismissal of Mr. Stonicher's claims. This summary judgment motion raised the same arguments and offered the same exhibits as RLI Insurance's summary judgment motion.

On January 26, 2023, Mr. Stonicher filed a memorandum in opposition to the summary judgment motion filed by the Noullet Estate and Occidental Insurance, together with documents in support of the opposition. Mr. Stonicher's memorandum in opposition to the summary judgment motion filed by RLI Insurance is not in the record. However, on February 3, 2023, two reply memoranda were filed in response to Mr. Stonicher's opposition, one on behalf of RLI Insurance and the other on behalf of the Noullet Estate and Occidental Insurance. Both reply memoranda argued that LSA-C.C.P. art. 966 required Mr. Stonicher to serve his opposition no later than fifteen days prior to the February 10, 2023 summary judgment hearing, which would have been January 26, 2023; however, he did not serve his opposition until January 27, 2023. The reply memoranda also argued that the exhibits accompanying Mr. Stonicher's opposition were not properly authenticated, constituted hearsay, and were not proper summary judgment evidence under LSA-C.C.P. art. 966. The motions for summary judgment filed by the Noullet Estate, Occidental Insurance, and RLI Insurance were set for hearing on February 10, 2023. On that date, the trial court heard arguments regarding the timeliness of Mr. Stonicher's service of his opposition to the summary judgment motion filed by the Noullet Estate and Occidental Insurance, and the summary judgment motions were submitted on briefs.

3

On March 13, 2023, the trial court executed written reasons for judgment, which provided, in pertinent part:

> Upon appearance of counsel, it was agreed by counsel that the matter would be submitted to the Court on the memoranda submitted prior to the hearing.
>
> After review of all pleadings, memoranda, exhibits and applicable law, this Court now grants the defendants' summary judgment dismissing the suit for the following reasons.
>
> Plaintiff alleges injury to his back occurring while moving his mother's belongings from his grandmother's home in Madisonville, La., on Jan[uary] 12, 2021. His grandmother, Merle Noullet, is now deceased. The petition alleges that he was injured while moving furniture out of an improperly constructed, non-code compliant finished garage "after hitting a raised threshold in the garage." Mr. Stonicher testified that he had been in the garage hundreds of times and was familiar with the threshold. On the day in question, he spent several hours moving his mother's furniture and boxes out of the garage. He testified that during that afternoon, "during the process of moving stuff is when my injury occurred. I am not going to pinpoint one particular thing, but yes, and there was even a time where I stumbled and stuff through this threshold." Plaintiff's deposition at 49:16-20. He further testified that his interrogatory responses that repeated movements throughout the move caused his injury (sic), and that the stumbling did not cause him to fall.
>
> As correctly stated by plaintiff's counsel, the mover need only point out an absence of factual support for one or more elements of the adverse part[y's] claim, and the burden of proof then shifts to the adverse party. After a review of the above, the court concludes that the plaintiff has failed to prove that a defect existed, that a dangerous condition existed, or even that there was a specific occurrence. Mr. Stonicher was familiar with the threshold in question, having traversed it over hundreds of times.

On April 12, 2023, the trial court signed a judgment granting the motions for summary judgment in favor of the Noullet Estate, Occidental Insurance, and RLI Insurance, and against Mr. Stonicher, and dismissing Mr. Stonicher's claims with prejudice.

## LAW AND DISCUSSION

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(A)(3). In determining whether summary judgment is appropriate, this court reviews the evidence *de novo* using the same criteria governing the trial court's determination of whether summary judgment is appropriate. **Jeandron v. Cenac**, 2022-1158 (La.App. 1 Cir. 4/14/23), 365 So.3d 851, 857.

4

The mover bears the initial burden of proof on the motion for summary judgment. LSA-C.C.P. art. 966(D)(1). However, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Once this is done, the burden shifts to the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. LSA-C.C.P. art. 966(D)(1). If the non-moving party fails to produce factual support in opposition sufficient to establish that it will be able to satisfy its evidentiary burden of proof at trial, LSA-C.C.P. art. 966(D)(1) mandates the motion for summary judgment be granted. **Bertrand v. Jefferson Arms Apartments, LLC**, 2022-1195 (La.App. 1 Cir. 4/14/23), 366 So.3d 595, 600.

In ruling on a motion for summary judgment, the trial court's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. Further, simply showing the presence of disputed facts is insufficient if there is no legal issue presented by those contested facts. **Trichell v. McClure**, 2021-1240 (La.App. 1 Cir. 4/8/22), 341 So.3d 856, 860. Because it is the applicable substantive law that determines materiality, whether a particular issue in dispute is material can be seen only in light of the substantive law applicable to the case. **Jeandron**, 365 So.3d at 857.

Mr. Stonicher's claims against defendants are based upon the legal theory of negligence. Louisiana Civil Code article 2315 provides: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." Louisiana Civil Code article 2317.1 defines the basis for delictual liability for defective things and provides:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

5

Whether a claim arises in negligence under Article 2315 or in premises liability under Article 2317.1, the same traditional duty/risk analysis applies and is used to determine whether liability exists. **Bertrand**, 366 So.3d at 602. Under the duty/risk analysis, the plaintiff must prove five elements: (1) the defendant had a duty to conform his conduct to a specific standard; (2) the defendant's conduct failed to conform to the appropriate standard; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) proof of actual damages. If the plaintiff fails to prove any one element by a preponderance of the evidence, the defendant is not liable. **Id.**

The cause-in-fact element, which usually tests whether the accident would or would not have happened "but for" the defendant's substandard conduct, is often the initial determination in the duty-risk analysis. See **McCain v. Howell**, 2006-1830 (La.App. 1 Cir. 9/14/07), 971 So.2d 323, 327, writ denied, 2007-2027 (La. 12/14/07), 970 So.2d 533. In this matter, the Noullet Estate, Occidental Insurance, and RLI Insurance put the cause-in-fact element of Mr. Stonicher's claims at issue in their motions for summary judgment. Consequently, we begin our analysis by addressing the cause-in-fact element.

As set forth above, as the movers on the motions for summary judgment, the Noullet Estate, Occidental Insurance, and RLI Insurance bore the burden of proof. See LSA-C.C.P. art. 966(D)(1). However, because they would not bear the burden of proof at trial, they were not required to negate all essential elements of Mr. Stonicher's claim. Rather, defendants were required to point out to the court that there was an absence of factual support for any of the elements put at issue in their summary judgment motion. See LSA-C.C.P. art. 966(D)(1). In support of their motion for summary judgment, defendants attached Mr. Stonicher's petition, which alleged, in pertinent part:

> Mr. Stonicher was at the residence to assist his mother move out (sic) of the residence. While moving furniture out [of] an improperly constructed, non-code compliant finished garage, Mr. Stonicher was injured after hitting a raised threshold into the garage.

Thus, Mr. Stonicher's petition alleged that the condition of the threshold was causally connected to his alleged injuries. Critically, however, the exhibits defendants offered in

6

support of their motions for summary judgment reflect that the evidence – in particular Mr. Stonicher's responses to RLI Insurance's discovery requests and Mr. Stonicher's deposition testimony – contradict the petition's allegation of a causal connection between the threshold and Mr. Stonicher's injuries. Specifically, in responding to discovery propounded by RLI Insurance, Mr. Stonicher provided the following answer to an interrogatory regarding "the way in which the accident described in your Petition for Damages occurred[,]" in pertinent part:

> The repeated movements from the garage through the residence carrying no more than thirty pounds caused such injuries to Mr. Stonicher.

Additionally, Mr. Stonicher explicitly confirmed this discovery response was correct during his deposition.

Also during Mr. Stonicher's deposition, he testified that on the day of the alleged accident, he moved "[v]arious things, mostly boxes." Mr. Stonicher identified a photograph of the threshold he had to "step-up over" while carrying items through the residence and garage. The following colloquy occurred:

> Q. Okay. And I believe in that Interrogatory it says, in your response I believe it says, it's stepping over that threshold and stepping up into the elevation difference, that's what caused your injuries to your back, is that correct?
>
> A. During this process of moving stuff is when my injury occurred. I am not going to pinpoint one particular thing, but yes and there was even a time where like I stumbled and stuff through this threshold - -
>
> Q. Okay.
>
> A. - - with the step.
>
> Q. "Stumbled," can - -
>
> A. Yeah.
>
> Q. - - can you explain that a little bit more?
>
> A. I don't know like I fell forward onto the box I was carrying.
>
> Q. So you - - you fell - - you fell down on the ground?
>
> A. I didn't fall on the ground, I fell on the box I was carrying, I guess, specific - - like if you want more specifications, I guess.

Further questioning regarding the stumble, or fall, elicited responses from Mr. Stonicher that he stumbled, "Like in between the garage and the utility room." The following exchange also occurred:

7

Q. And I think you stated before you didn't - - you don't have any particular movement that you attribute to your injury? You don't have an aha moment where you felt injured, it was repeated movements, is that correct?

A. It - - it was somewhere within that time period.

Q. So somewhere during the day, the repeated movements cause you an injury, correct?

A. Correct.

Q. But you don't know exactly when do you?

A. No.

Our thorough *de novo* review of the record reveals that the defendants successfully pointed out the absence of factual support for the cause-in-fact element of Mr. Stonicher's claims. Specifically, Mr. Stonicher's discovery responses provided that his injuries were caused by "repeated movements from the garage through the residence carrying no more than thirty pounds[,]" and he confirmed this during his deposition. In his deposition, Mr. Stonicher explicitly stated, "During this process of moving stuff is when my injury occurred. I am not going to pinpoint one particular thing. . ." And, when directly asked whether there was a particular movement or moment to which he attributed his injury, Mr. Stonicher answered, "It - - it was somewhere within that time period[,]" and again testified that the "repeated movements" caused his injuries. This testimony illustrates that Mr. Stonicher is unable to describe with any certainty the mechanism of the event that caused his injuries. Moreover, while Mr. Stonicher's petition alleges a causal connection between the alleged unreasonably dangerous threshold and Mr. Stonicher's alleged injuries, in light of Mr. Stonicher's testimony, this bare allegation is insufficient to create an issue of fact precluding summary judgment. See **McCastle-Getwood v. Professional Cleaning Control**, 2014-0993 (La.App. 1 Cir. 1/29/15), 170 So.3d 218, 222, and **Christophe v. Washington**, 2017-0512 (La.App. 1 Cir. 2/14/19), 272 So.3d 106, 111 (finding that a subsequent affidavit in contradiction to prior deposition testimony is not sufficient to create an issue of fact precluding summary judgment without some explanation or support for the contrary statement).

As the Noullet Estate, Occidental Insurance, and RLI Insurance have successfully pointed out the absence of factual support for the cause-in-fact element of Mr. Stonicher's claim, the burden shifted to Mr. Stonicher to establish the existence of a genuine issue of

material fact or that the defendants are not entitled to judgment as a matter of law. See LSA-C.C.P. art. 966(D)(1); see also **Bruno v. Blue Bayou Water Park, LLC**, 2023-0675 (La.App. 1 Cir. 12/29/23), ___ So.3d ___, ___, 2023 WL 9015125, *4. Mr. Stonicher attempted to meet this burden by filing a memorandum in opposition to the motions for summary judgment, together with certain attachments.[3] In response to Mr. Stonicher's opposition, the Noullet Estate and Occidental Insurance filed a reply brief, as did RLI Insurance, wherein they objected to Mr. Stonicher's opposition on the basis that Mr. Stonicher did not timely serve them with the opposition.

Pursuant to LSA-C.C.P. art. 966(B)(2), Mr. Stonicher was required to file and serve any opposition to the summary judgment motions and all documents in support of the opposition in accordance with Article 1313 not less than fifteen days prior to the hearing on the motion, which was January 26, 2023. However, defendants contend in their reply briefs that Mr. Stonicher did not serve them with his opposition until January 27, 2023. The Louisiana Supreme Court has specifically held that LSA-C.C.P. art. 966(B)(2) mandates compliance without regard to cause or prejudice. **Auricchio v. Harriston**, 2020-01167 (La. 10/10/21), 332 So.3d 660, 663. Accordingly, if Mr. Stonicher failed to serve his opposition timely, we are precluded from considering his opposition. See **Auricchio**, 332 So.3d at 663; see also **Ramus v. KCJS Trucking, LLC**, 2019-0039 (La.App. 1 Cir. 9/27/19), 287 So.3d 728, 734.

In this matter, the record does not contain clear evidence that Mr. Stonicher's opposition was untimely. Usually, under such circumstances, the proper course would be to remand to the trial court for a determination of whether the opposition was timely served. However, this court is mandated to render any judgment which is just, legal, and proper upon the record on appeal. See LSA-C.C.P. art. 2164. In examining the entirety of the record for the purpose of rendering a just judgment, including Mr. Stonicher's opposition and exhibits, it is clear that nothing attached to Mr. Stonicher's opposition

---

[3] Mr. Stonicher's attachments included excerpts of Mr. Stonicher's deposition; images of text messages between Mr. Stonicher and his grandmother, Merle Noullet; the affidavit of Mr. Stonicher's mother, Kim Noullet; and invoices and communications from Mr. Stonicher's healthcare providers.

9

would create a genuine issue of material fact regarding causation.[4] Accordingly, under the specific circumstances presented, we find that a remand would be an unnecessary waste of judicial resources, and affirm the judgment of the trial court. Moreover, having found an absence of evidence for the cause-in-fact element, we need not consider whether the evidence created an issue of fact as to any other element of Mr. Stonicher's negligence action.

## CONCLUSION

For the foregoing reasons, we affirm the April 12, 2023 judgment of the trial court granting summary judgment in favor of the defendants, the Estate of Merle Noullet, Occidental Fire and Casualty Company of North Carolina, and RLI Insurance Company, and dismissing Kirk Stonicher's claims against the defendants with prejudice. Costs of this appeal are assessed against Kirk Stonicher.

**AFFIRMED.**

---

[4] We note that Mr. Stonicher's mother's affidavit referenced a statement made by him regarding an alleged causal connection between his injuries and the threshold. However, said reference to causation was hearsay, and therefore inadmissible.

10